**UNITED STATES DISTRICT COURT**          JS - 6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02251 MMM (PJWx) | Date | May 11, 2010 |
|---|---|---|---|

| Title | *Smittick v. State of California Workers Compensation Appeals Board* |
|---|---|

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          **Order Dismissing Action for Lack of Subject Matter Jurisdiction**

## I. FACTUAL BACKGROUND[1]

On March 26, 2010, *pro se* plaintiff James W. Smittick filed this action against defendant State of California Workers' Compensation Appeals Board ("the Board"), alleging what appear to be claims for intentional infliction of emotional distress and fraud.[2]  Plaintiff states that the Board "wrongfully and willfully and purposely" put information in his medical record "to be stolen by [L]ong [B]each police" and used for "black magic."  He asserts that this act "constitute[s] the intentional infliction of emotional distress under federal law," and that it caused "[J]onson substantial great mental and emotional pain and suffering, and p[s]ychological and mental cost and expense in excess of $1,000,000."  The complaint does not identify "[J]onson."  Plaintiff alleges that defendant acted maliciously and that that engaged in "d[e]spicable conduct sufficient for a[n] award of $1,000,000."[3]

---

[1]The information in this section is drawn from plaintiff's Complaint against Defendant State of California Workers Compensation Appeals Board ("Complaint"), Docket No. 1 (Mar. 26, 2010).

[2]The nature of the claim plaintiff asserts is not entirely clear.  Plaintiff states that defendant committed acts "constitut[ing] the intentional infliction of emotional distress under federal law" and that a transparent female figure that appears on the wall of the Board's office "help[ed] to steal $25,000 SS[I] money (social security)."  *Id.* at 1–2.

[3]*Id.*

Plaintiff contends that the Board's actions caused him serious harm, in that they stopped him from "seeing [his] mother for 13 years," and "touching a woman for 17 years." He also asserts that they impaired his "ability to have sex," and rendered him homeless.

Plaintiff claims that in 1996, Officers Weaver and Hendrix of the City of Long Beach Police Department stole the medical record number, L.B. 0102585, that he had received from the Board. Plaintiff contends that after this theft, a transparent female figure appeared on the southwest wall in the Board office, that helped move the ground "in a biz[arre] and threatening manner" and "cause[d] 60,000 objects and people to appear out of nowhere in 26 states over 13 years." Plaintiff believes that the transparent female figure also assisted the commission of fraud. Plaintiff notes that the objects that appeared consist of "jets, car and truck tires, penn[ie]s, [and] people com[ing] out of nowhere." He contends that the female figure "help[ed] to steal $25,000 SS[I] money (social security)," and that "the magic and the ground moving can not be stop[p]ed without the return of the medical record." Plaintiff offers the final comment that "it's 911 related."

Plaintiff alleges that defendant's conduct is extreme and outrageous and that he has suffered substantial emotional distress. He asserts that he has incurred more than $1,000,000 in expenses and pain and suffering and seeks entry of judgment in that amount against defendant.[4]

## II. DISCUSSION

Federal courts are courts of limited jurisdiction, and presumptively lack jurisdiction to hear civil actions. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The burden of establishing jurisdiction thus rests upon the party asserting it. *Id.* For this reason, the initial pleading filed in any federal action must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." FED.R.CIV.PROC. 8(a). As currently pled, the complaint fails properly to invoke federal jurisdiction because plaintiff has not alleged that the State of California has waived its sovereign immunity under the Eleventh Amendment.

Assuming Smittick has alleged a valid claim, he would have to show that the claim is not barred by the Eleventh Amendment. "Under the Eleventh Amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." *Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir. 1988); see also *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"); *Pittman v. Oregon*, 509 F.3d 1065, 1071 (9th Cir. 2007) ("As the Supreme Court has applied the Eleventh Amendment, an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state" (internal citations

---

[4]*Id.*

omitted)).[5]  While a state may waive sovereign immunity by litigating the merits of claims asserted against it in federal court, see *Arizona v. Bliemeister* (*In re Bliemeister*), 296 F.3d 858, 862 (9th Cir. 2002), California has not done so here.[6]

Smittick does not allege that the State of California Workers' Compensation Appeals Board or the State of California has waived its sovereign immunity, nor is there any evidence of such a waiver.  Absent such a waiver, Masters is barred from asserting a claim against the Board in federal court.  See *Lee v. Workers' Compensation Appeals Board of State of California*, 7 Fed.Appx. 658, 659 (9th Cir. Mar. 26, 2001) (Unpub. Disp.) (concluding that claims against the Board are "barred by the Eleventh Amendment"); *Cazares v. California Workers Compensation Appeals Board*, 210 F.3d 382 (Table), 2000 WL 32003, *1 (9th Cir. Jan. 14, 2000) (Unpub. Disp.) (concluding that the Board is "entitled to Eleventh Amendment immunity"); *Sherman v. Berlin*, 37 F.3d 1506 (Table), 1994 WL 551501, *2 (9th Cir. Oct. 6, 1994) (Unpub. Disp.) (concluding that an action against the Board was barred by the Eleventh Amendment); *Rodriquez v. Workers' Compensation Appeals Bd. of State of California*, No. CIV S-08-2440 FCD EFB PS, 2008 WL 5100180, *1 (E.D. Cal. Nov. 25, 2008) (dismissing action against the State of California Workers' Compensation Appeals Board without leave to amend because "[u]nder the 'arm of the state' doctrine, a state agency is immune from federal suit under the Eleventh Amendment when in actuality the state is the real, substantial party in interest. . . .  The California Workers Compensation Appeals Board is an arm of the state of California, is entitled to Eleventh Amendment immunity . . . and is entitled to dismissal of the instant complaint"(citations omitted)); *Cisco Systems, Inc. v. California Workers' Compensation Appeals Bd.,* No. C 00-21092 JW, 2001 WL 34780587, *5 (N.D. Cal. Mar. 20, 2001) ("The Court finds that the [Workers' Compensation Appeals Board] is immune from suit under the Eleventh Amendment), modified on other grounds, *California W.C.A.B.*, 34 Fed.Appx. 379 (9th Cir. May 10, 2002) (Unpub. Disp.).

### III.  CONCLUSION

*Pro se* pleadings are liberally construed.  See *Haines v. Kerner*, 404 U.S. 519, 520-21; *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.1988).  Unless it is clear that no amendment can cure the defects in a complaint, a *pro se* plaintiff is entitled to notice and an opportunity to amend before dismissal.  See *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987); *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th

---

[5]See also *Los Angeles Branch NAACP v. Los Angeles Unified School District*, 714 F.2d 946, 951-52 (9th Cir. 1983) (concluding a party must present in its complaint the factual basis for federal jurisdiction, including the fact that Eleventh Amendment immunity must be waived); *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999) ("Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party during judicial proceedings of by the court sua sponte"); *Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii*, 810 F.2d 869, 873 n. 2 (9th Cir. 1987) (holding that "unlike a traditional immunity . . . the effect of the Eleventh Amendment *must* be considered *sua sponte* by federal courts" (emphasis supplied)).

[6]Defendant has not yet been served in this case.

Cir.1984).

Because it appears Smittick's claim is barred by Eleventh Amendment immunity, and no amendment can cure that defect, the court dismisses this case for lack of subject matter jurisdiction. See *Rodriquez*, 2008 WL 5100180 at *2 (sua sponte dismissing *pro se* plaintiff's complaint against Board without leave to amend).  This dismissal is without prejudice to plaintiff's right to refile the action in California state court.